IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KAY WILLIAMS,<br><br>    Petitioner<br><br>VS.<br><br>GUY HICKMAN, Warden,<br><br>    Respondent | NO. 5:06-CV-153 (CAR)<br><br>PROCEEDINGS UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

Respondent GUY HICKMAN, Warden, has filed a motion to dismiss petitioner KAY WILLIAMS' habeas corpus petition as untimely filed under provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Tab #10. After being advised by the court of her right to do so, Williams filed a response to the respondent's motion. Tab #15.

28 U.S.C. §2244(d) provides as follows:

*(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--*

 *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

 *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;*

 *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*

 *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

Respondent Hickman has shown the court that on March 20, 2002, petitioner Williams pled guilty to the crimes for which she is now serving her sentence. Williams did not pursue a direct appeal of her conviction within the thirty days provided for in O.C.G.A. §5-6-38; therefore, her conviction became final on April 19, 2002. The AEDPA's clock began to run on that date.

Williams filed a *state* habeas corpus petition on March 13, 2003, dismissed at her request in an order dated October 1, 2003. The petitioner did not file a *second* state petition until July 29, 2004. This petition was denied in an order dated July 11, 2005, and the Supreme Court of Georgia denied the petitioner's application for a certificate of probable cause on January 17, 2006. The instant petition was filed on May 11, 2006.

Petitioner Williams' response does not dispute the dates of the various legal actions, but rather goes to the merits of her petition. Even assuming that every petition and motion the petitioner filed tolled the limitations period allowed by the AEDPA, nearly <u>eleven months</u> passed between her conviction's becoming final and the first filing for state habeas corpus relief, another <u>nine months</u> passed between the denial of her first petition and the filing of her second state habeas action, and another <u>five months</u> passed between the denial of certificate of probable cause and Williams' filing the instant *federal* petition. The total "untolled" amount of time is therefore at least **TWENTY FIVE (25) MONTHS**, which is well more than the one year allowance set forth in the AEDPA. Since more than one year passed without being tolled, the petitioner's instant petition is found to be untimely filed.

Accordingly IT IS RECOMMENDED that the respondent's motion to dismiss (Tab #11) be GRANTED and that this action be DISMISSED as untimely. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 7th day of NOVEMBER, 2006.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE